UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00232-HBB

ZORAN CUCKOVIC                                                      PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Zoran Cuckovic ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **REVERSED** and this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 7). By Order entered July 20, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income payments on August 22, 2014 (Tr. 13, 193, 197). Plaintiff alleged that he became disabled on April 28, 2014 as a result of a back problem involving a disc extrusion with left nerve root pressure at L5 and an extrusion on the right nerve root at S1 (Tr. 13, 217). Administrative Law Judge Teresa A. Kroenecke ("ALJ") conducted a hearing on December 13, 2016, in Louisville, Kentucky (Tr. 29). Plaintiff was present and represented by his attorney Trevor Smith (Id.). Also present and testifying was Courtney Stiles, a vocational expert (Id.).

In a decision dated February 17, 2017, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 13-23). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 28, 2014 the alleged onset date (Tr. 15). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine and obesity (Id.). Notably, at the second step, the ALJ also determined that Plaintiff's medically determinable mental impairment of depression was a nonsevere impairment (Tr. 15-16). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 16-17).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity to perform less than a full range of sedentary work because he needs to alternate between a sitting and standing/walking position every 30 to 45 minutes for 2 to 3 minutes at the workstation and he requires a cane to ambulate; he may occasionally stoop, balance, crouch, and climb ramps and

2

stairs, but he may not operate foot controls, kneel, crawl, or climb ladders, ropes, or scaffolds; he must avoid concentrated exposure to wetness, humidity, vibrations, and hot and cold temperature extremes; he must avoid all exposure to hazards such as heights and dangerous machinery (Tr. 17). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 21).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21-22). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 28, 2014 through the date of the decision, February 17, 2017 (Tr. 22-23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 190-92). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting

3

Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ found that Plaintiff was not able to perform any of his past relevant work. The ALJ proceeded to the fifth step where she denied Plaintiff's claim because his residual functional capacity, age, education, and past work experience allowed him to perform a significant number of jobs in the national economy.

Challenged Findings

Plaintiff disagrees with Finding No. 4 which addressed whether he met or equaled Listing 1.04 (DN 14 PageID # 1632-42). Plaintiff also takes issue with Finding No. 5 which sets forth the ALJ's residual functional capacity assessment (Id.).

A.

1. The Parties' Arguments

In his challenge to Finding No. 4, Plaintiff acknowledges that the ALJ identified Listing 1.04 and recited the factors stated in that listing (DN 14 PageID # 1632-33). Plaintiff takes issue with the ALJ's failure to actually evaluate the evidence regarding his back condition and obesity, compare it to Listing 1.04, and explain why she concluded that Plaintiff did not meet or equal that listing (Id.). Plaintiff then explains why the medical evidence in the record concerning his back condition is more than sufficient to conclude that he met or equaled Listing 1.04 (Id.).

Defendant contends that substantial evidence in the record supports the ALJ's determination that Plaintiff did not meet or medically equal Listing 1.04 (DN 19 PageID # 1655-58). Defendant acknowledges that the ALJ's explanation was cursory but asserts it was legally sufficient (Id. citing Bledsoe v. Barnhart, 165 F. App'x. 408, 411 (6th Cir. 2006)). Additionally, Defendant argues the ALJ's discussion of the medical evidence in Finding No. 5 should be considered when the Court addresses Plaintiff's challenge to Finding No. 4 (Id.).

2. Discussion

At the third step, the Administrative Law Judge is required to consider the medical severity of the claimant's impairment. *See* 20 C.F.R. 404.1520(a)(4)(iii), 416.920(a)(4)(iii). More specifically, the Administrative Law Judge must determine whether the claimant's impairment meets or equals one of the listings in the Listing of Impairments, which "describes for each of the major body systems impairments that [the Social Security Administration] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 404.1525(a), 416.925(a); *see* 20 C.F.R. Part 404,

Subpart P, Appendix 1. If the claimant can satisfy all of the objective medical criteria, as well as the duration requirement, then he "will be deemed conclusively disabled, and entitled to benefits." Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 414 (6th Cir. 2011); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987); see 20 C.F.R. §§ 404.1520(d), 416.920(d).

An Administrative Law Judge "need not discuss listings that the applicant clearly does not meet." Sheeks v. Comm'r Soc. Sec., 544 F. App'x 639, 641 (6th Cir. 2013). But when the record "'raise[s] a substantial question as to whether [a claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." Id. (quoting Abbott v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990)). Notably, the Administrative Law Judge is required to "actually evaluate the evidence, compare it to the applicable Listings, and give an explained conclusion, in order to facilitate meaningful review." Reynolds, 424 F. App'x at 416. If an Administrative Law Judge offers nothing to support his or her conclusions at step three, the reviewing court cannot assess whether the Administrative Law Judge's decision is based on substantial evidence. See Combs v. Colvin, No. 15-104-DLB, 2016 WL 1301123, at *4 (E.D. Ky. April 1, 2016) (citing Reynolds, 424 F. App'x at 416; James v. Colvin, No. 3:11-CV-640-S, 2013 WL 4096977, at *8 (W.D. Ky. Aug. 13, 2013)). Thus, such an omission at Step 3 may constitute reversible error. Id.

The listing at issue reads as follows:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine,

7

> motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> or
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04. Here, the undersigned has reviewed the record and concludes there is a substantial question as to whether Plaintiff could qualify as disabled under this listing. Yet, the ALJ failed to actually evaluate the evidence, compare it to this listing, and give an explained conclusion in order to facilitate meaningful review. Instead, the ALJ briefly summarized the above critera and summarily proclaimed "[t]he medical evidence does not establish the existence of the above signs or symptoms even with the compounding impact of the claimant's obesity" (Tr. 17). The ALJ offered nothing to support her conclusion. Thus, the Court cannot determine whether the ALJ's decision is based on substantial evidence.

Defendant encourages the Court to consider the ALJ's discussion of the medical evidence at Step four. But this exercise merely encourages the Court to speculate why the ALJ may have concluded that Plaintiff did not meet Listing 1.04. Such an approach cannot serve as a basis for a meaningful judicial review of the ALJ's conclusion at Step three. While it may be tempting to look at the record and predict how the ALJ would have analyzed Listing 1.04 based on the evidence

in the administrative record, the Court cannot do so without overstepping the bounds of its review. See Combs, 2016 WL 1301123, at *5. The Court's task is to consider whether the ALJ's decision is supported by substantial evidence and comports with applicable law, not to fill in the blanks left by the ALJ. Id. (citing Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994)). Furthermore, "correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence [the claimant] put forth could meet this listing." Reynolds, 424 Fed.Appx. at 415. For the above reasons, the Court must reverse and remand the case pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner with instructions to conduct additional proceedings to remedy this defect in the original proceeding. See Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994) (sentence four of 42 U.S.C. § 405(g) authorizes a post judgment remand).

B.

Plaintiff also takes issue with Finding No. 5 which sets forth the ALJ's residual functional capacity assessment (DN 14 PageID # 1634-42). In light of the above conclusion, the undersigned deems it unnecessary to address this claim. Further, the ALJ will have the opportunity to remedy this issue when he conducts additional proceedings to remedy the above identified defect in the original proceedings.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Copies: Counsel